**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CESAR OROZCO-LOMELI, | No. 17-72984 |
| Petitioner, | Agency No. A200-964-652 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022[**]
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Cesar Orozco Lomeli (Orozco), a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying his applications for asylum and withholding of removal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review Orozco's petition under 8 U.S.C. § 1252. Where, as here, the BIA issues its own decision, but relies in part on the IJ's decision, we review the BIA's decision and the IJ's decision to the extent adopted. *See Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (citing *Alaelua v. INS*, 45 F.3d 1379, 1382-83 (9th Cir. 1995)). We deny the petition.

1.      Orozco asks us to review the IJ's determination that he did not qualify for asylum because he did not prove that he was a member of a cognizable "particular social group." However, "[o]ur review is limited to those grounds explicitly relied upon by the [BIA]." *Diaz-Reynoso v. Barr,* 968 F.3d 1070, 1075 (quoting *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016)). The BIA did not decide Orozco's claim that he would be persecuted as a member of a particular social group because it determined that even if he established such membership, he could not satisfy his burden of proving that he cannot reasonably relocate within Mexico to avoid persecution. 8 C.F.R. 1208.13(b)(3)(i).

2.      Substantial evidence supports the BIA's determination that Orozco could avoid future persecution by relocating outside of Tijuana where the smugglers he fears are based. It is true that at one time Orozco gave the smugglers a significant amount of personal information about himself, and that they traveled to Las Vegas to try and find him and located the house where he was staying. However, the smugglers have not attempted to contact Orozco or anyone in his

2

family in nearly ten years, and they have never attempted to contact his family in Jalisco. Further, the last time the smugglers tried to contact Orozco, in 2012, they were not able to actually make contact with him, and his family and friends were able to avoid them simply by refusing to answer their doors.

Substantial evidence also supports the BIA's determination that it is reasonable to expect Orozco to relocate outside of Tijuana. Orozco testified that his primary social ties in Mexico were in Jalisco, where he was born and where several members of his family still reside. There is no evidence in the record that Orozco faces any particularized barriers or constraints that would prevent a move to Jalisco, or anywhere else in Mexico that he chooses.

**PETITION FOR REVIEW DENIED**.